UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NABEEL and YUMIKO SHAABAN | x x x | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiffs, | x x | Civ. No. 03-623 (SRC) |
| v. | x x | **OPINION & ORDER** |
| TOWNSHIP OF DOVER, et al., | x x |  |
| Defendants. | x x |  |

**Stanley R. Chesler**, U.S.D.J.

      **IT APPEARING** that on or about April 22, 2005 Plaintiffs filed a motion for reconsideration [docket #74] of this Court's Order dated April 12, 2005; and

      **IT FURTHER APPEARING** that this Court's Order of April 12, 2005 dismissed, for failure to perfect, Plaintiffs' appeals of United States Magistrate Judge Bongiovanni's Orders (1) dated October 14, 2004, denying Plaintiffs' request for reconsideration of Judge Bongiovanni's Order of 7/26/2004, and (2) dated October 14, 2004, denying Plaintiffs' motion for leave to file an amended complaint; and

      **IT FURTHER APPEARING** that United States Magistrate Judge Bongiovanni's Order dated July 26, 2004 ordered that certain records of the Township of Dover Police Department not be released to Plaintiffs because the "records are not relevant to the issues in this case, and are not reasonably calculated to lead to the discovery of admissible evidence"; and

      **IT FURTHER APPEARING** that Judge Bongiovanni's Order was based on an *in camera* review of those records from which she determined that they were not relevant; and

**IT FURTHER APPEARING** that Plaintiffs have not demonstrated that Judge Bongiovanni's determination as such was clearly erroneous; and

**IT FURTHER APPEARING** that because the requested records belong to a State agency, they are not covered by the Freedom of Information Act, 5 U.S.C. § 552, which is a federal statute, See Landano v. United States Dept. Of Justice, 956 F.2d 422, 430 (3d Cir. 1992) *rev'd on other grounds*, United States Dept. of Justice v. Landano, 508 U.S. 165 (1993) ("there is no FOIA-recognized public interest in discovering wrongdoing by a *state* agency) (emphasis in original); and

**IT FURTHER APPEARING** that United States Magistrate Judge Bongiovanni's other Order dated October 14, 2004, denied Plaintiffs' motion for leave to file an amended complaint because the claims they sought to add were futile; and

**IT FURTHER APPEARING** that Plaintiffs sought to add a claim for violation of Plaintiff Nabeel Shaaban's right to privacy based on Plaintiff's allegedly recorded telephone conversation with Captain Jeffery Kettig; and

**IT FURTHER APPEARING** that Judge Bongiovanni was correct in determining that the alleged wire interception conducted by Captain Kettig of the Dover Township Police Department was not violative of Plaintiff Nabeel Shaaban's Fourth Amendment rights, See N.J.S.A. 2A:156A-4(b) (It shall not be unlawful under this act for: ... [A]ny investigative or law enforcement officer to intercept a wire ... communication, where such officer is a party to the communication ..."); United States v. White, 401 U.S. 745 (1971) (eavesdropping not involved where government agent was participant ... audio cassette of eavesdropping preserved credibility); and

2

**IT FURTHER APPEARING** that Plaintiffs also sought to add a claim for defamation; and

**IT FURTHER APPEARING** that under New Jersey law, a "defamatory statement is a statement of fact which is injurious to the reputation of the plaintiff, or which exposes him/her to hatred, contempt or ridicule, or to a loss of the good will and confidence felt toward him/her by others, or which has a tendency to injure him/her in his/her trade or business," See, New Jersey Model Jury Charges, Civil, Charge 3.11 2(a) (2001); and

**IT FURTHER APPEARING** that the determination as to whether a statement is defamatory is a question of law to be resolved by the Court, Molnar v. Star-Ledger, 471 A.2d 1209, 1211 (N.J. Super A.D. 1984); and

**IT FURTHER APPEARING** that a statement that Plaintiff was being "loud and boisterous" was clearly not a statement of fact which was injurious to the reputation of the Plaintiff, or which exposed him to hatred, contempt or ridicule, or to a loss of the good will and confidence felt toward him by others, or which had a tendency to injure him in his trade or business; and

**IT FURTHER APPEARING** that Judge Bongiovanni was therefore correct in determining that the alleged comment made by either Captain Kettig and/or Chief Mastronardy that Plaintiff Nabeel Shaaban was being "loud and boisterous" during the November, 2001 wire communication does not meet the requirements of a defamation claim in the State of New Jersey; and

**IT FURTHER APPEARING** that defamation is not a Constitutional violation, and that therefore, no remedy under 42 U.S.C. § 1983 exists for it; and

3

**IT FURTHER APPEARING** that United States Magistrate Judge Bongiovanni's Order dated October 14, 2004 therefore correctly denied Plaintiffs' motion for leave to file an amended complaint because the claims they sought to add were indeed futile; and

**IT FURTHER APPEARING** that a motion for reconsideration under Rule 7.1(i) may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995); and

**IT FURTHER APPEARING** that Plaintiffs have not demonstrated that any of these three criteria have been met for any of the appealed Orders;

**IT IS** on this 1st day of August, hereby

**ORDERED** that Plaintiff's motion for reconsideration [docket #74] is DENIED.

> s/
> Stanley R. Chesler, U.S.D.J.